ROGERS, Justice.
 

 The parties litigant are husband and wife. Plaintiff sued his wife for a separation from bed and board, alleging that she had publicly defamed him while testifying as a witness in a prosecution against him for manslaughter. Included in his suit was a demand that certain property in the possession of his wife be declared to be community property.
 

 Defendant answered, denying that she had defamed plaintiff, and praying for a separation from bed and board in her favor on the ground of plaintiff’s cruel treatment of herself and her children. Defendant alleged that the property in her possession was her separate and paraphernal property and not community property, and she prayed it be so decreed. Defendant also prayed that certain property in plaintiff’s possession be declared to be community property, for the custody of her two minor children, for alimony and for attorney’s fees.
 

 The court below dismissed plaintiff’s t suit and gave defendant judgment for a separation from bed and board, decreeing that the property in her possession was her separate property. The court in its judgment also gave defendant the custody of her two minor children and awarded her $250 as attorney’s fees. Plaintiff has appealed, asking that the judgment be annulled, and defendant has answered the appeal, asking that the judgment be amended. Defendant has also filed in this court pleas of estoppel and acquiescence.
 

 The court below properly rejected plaintiff’s demand. The testimony shows that plaintiff was indicted for manslaughter for shooting and killing the young son of the parties. Defendant was a witness to the fatal shooting of her son, and, summoned by the state, merely testified on plaintiff’s trial as to what she saw. There was nothing in defendant’s testimony to support plaintiff’s allegation that she had publicly defamed him.
 

 The court below also properly sustained defendant’s reconventional demand for a separation of bed and board. The acts of cruelty alleged and proved by defendant were that plaintiff, after lying in wait on their front porch for him all morning, killed their young son in her presence despite her pleadings, and refused to let her go to his aid, turning the gun on her' and threatening to kill her if she moved; that plaintiff also frequently cursed and abused defendant and on numerous occasions severely beat their children; that he refused to contribute to their support; and that she was compelled to engage in peddling and to work in the fields and in a dairy to maintain herself and her children.
 

 Plaintiff contends that a certain tract of land, with the improvements thereon, situated in section 4T, township 1, south range 7 east, parish of Tangipahoa, and containing 112.74 acres, is community property, and should be partitioned as such.
 

 
 *115
 
 The evidence in the record shows that in and before the year 1928 the parties owned a tract of land containing 212 acres and a lot of cattle thereon in Tangipahoa parish. On January 12, 1926, by dation en paiement, plaintiff transferred to defendant 34 head of cattle and 14 yearlings and calves in repayment of $1,070 of her paraphernal funds advanced to, and used by, the matrimonial community. On January 21, 1928, defendant purchased from S. L. Broyles the 112-acre tract of land in dispute herein. The agreed purchase price was $4,500, of which $1,000 was paid in cash, and $3,500, the credit portion, was represented by- the purchaser’s vendor’s lien and mortgage note. Defendant immediately took possession of the property purchased by her and placed thereon the cattle that had been transferred to her by the dation en paiement from her husband. Ilefendant, who was the mother of thirteen children by plaintiff, with the assistance of her boys, farmed the property and operated a dairy thereon. Plaintiff during this time continued to reside on and operate the 212-acre farm and to conduct a creamery business.
 

 Shortly after defendant had purchased and was operating the Broyles property, plaintiff mortgaged his 212-acre farm for $8,700 to the Ponchatoula Homestead Association, and with this money left for Texas, where he engaged in business.
 

 The evidence shows that the 112-acre tract of land was always regarded as defendant’s property, and that she paid regularly the taxes thereon. The initial payment of $1,000 on account of the purchase price was made by defendant’s personal cheek drawn on a bank at Osyka, Miss., and the balance of the purchase price was paid from funds derived from the sale of timber and ties from the place and from the farm and dairy which defendant operated with the assistance of her children. In the suit of the Ponchatoula Homestead Association v. H. E. Higginbotham, plaintiff testified that he received $8,700, less bonuses, from the homestead association ; that none of this money was used for the purchase of the 112-acre farm; that he did not have any property in his name; that the 112-acre farm was regarded by him as being his wife’s property; that, when dealing for his wife, he acted as her agent, and never acted for her account unless she agreed thereto. And, when plaintiff went to Texas with the money he had received from the homestead association, he showed his son, H. F. Higginbotham, who was residing in Texas, a list of property, in which the 112-acre farm was included, stating he had his property and that the list represented his mother’s part of the property.
 

 There was testimony adduced on th'e trial of the case for the purpose of establishing defendant’s claim that plaintiff held for the matrimonial community a considerable amount of stock in the Houston Building & Loan Association and some cash on deposit in a bank at Osyka, Miss. However, the court below refused, to sustain defendant’s claim, and defendant urges upon the court, if it should conclude to amend the judgment appealed from, that the amendment, in accordance with the answer to the appeal, should decree to be community property $1,500 of stock in the Houston Building & Loan Association and $400 on deposit in the Osyka -Bank,
 
 *117
 
 an allowance of $75 for alimony for support of lier minor children, and an increase to $400 for attorney fees. Since we have concluded to affirm the judgment of the court below as doing full justice between the parties, there is no necessity for our acceding to defendant’s request to amend the judgment in her favor. And for a like reason there is no necessity for us to pass upon defendant’s plea of estoppel and acquiescence filed in this court. The plea of estoppel is based upon plaintiff’s testimony in the suit of the Ponchatoula Homestead Association v. Higginbotham, that the 112-acre farm was his wife’s property, and that none of his funds went into its purchase price. And the plea of plaintiff’s acquiescence in the judgment appealed from is based upon another marriage contracted by plaintiff, under the belief that he was divorced from defendant, in the parish of East Feliciana on January 18, 1933.
 

 For the reasons assigned, the judgment appealed from is affirmed.
 

 ST. PAUL, J., absent.